# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| SHIRLEY A. SMITH, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 1:16-cv-158-CHS |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | ) |
| Defendant. | ) |

## MEMORANDUM

I.   Introduction

This action was instituted pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's final decision denying Shirley Smith's ("Plaintiff") claim for Disability Insurance Benefits ("DIB"), as provided by the Social Security Act.

The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Sixth Circuit [Doc. 14]. Pending before the Court are Plaintiff's Motion for Judgment on the Pleadings [Doc. 16] and Defendant's Motion for Summary Judgment [Doc. 20].

For the reasons stated herein, the Court **AFFIRMS** the Commissioner's decision. Accordingly, the Court **DENIES** Plaintiff's motion [Doc. 16] and **GRANTS** Defendant's motion [Doc. 20].

II. Background

    A. Procedural History

On November 28, 2012, Plaintiff protectively filed for DIB under Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, based on sleep apnea, back injury, high blood pressure, a fractured ankle, depression, anxiety, and head injury[1] [Tr. 149-151, 169].[2] Plaintiff's claims were denied initially and on reconsideration [Tr. 72, 86, 89-93, 95-97]. On November 10, 2014, Plaintiff appeared and testified at a hearing before Administrative Law Judge ("ALJ") Ronald Feibus [Tr. 25-51]. On December 17, 2014, the ALJ issued a decision finding that Plaintiff was "not disabled," as defined in the applicable sections of the Act, because she was capable of performing her past relevant work [Tr. 13-18]. On April 8, 2016, the Appeals Council denied Plaintiff's request for review [Tr. 1-3]. Thus, Plaintiff has exhausted her administrative remedies, and the ALJ's decision stands as the Commissioner's final decision subject to judicial review. *See* 42 U.S.C. § 405(g).

    B. Relevant Facts

*Plaintiff's Age, Education, and Past Work Experience*

Plaintiff is currently a sixty-four-year-old individual who performed past relevant work as a legal secretary, construction laborer, and outside sales representative [Tr. 28-29, 32, 37-38, 194-203]. At the time of her alleged onset date of March 23, 2012, Plaintiff was fifty-eight years old [Tr. 149].

*Plaintiff's Testimony and Medical History*

---

[1] The Court will focus its review of the record on the impairments that are relevant to Plaintiff's Motion for Judgment on the Pleadings [Doc. 16].

[2] An electronic copy of the administrative record is docketed at Doc. 11.

The parties and the ALJ have summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters as relevant to the analysis of the parties' arguments.

*The ALJ's Findings*

After considering the entire record, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

2. The claimant has not engaged in substantial gainful activity since March 23, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: Degenerative joint disease in the left hip; tendonitis in the left shoulder, and bursitis in the left elbow (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b): except claimant can occasionally use ladders, ropes, and scaffolds.

6. The claimant is capable of performing past relevant work as a secretary and an outside sales representative. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from March 23, 2012, through the date of this decision (20 CFR 404.1520(f)).

[Tr. 13-17].

III. Analysis

A. Standard of Review

3

The determination of disability under the Act is an administrative decision. To establish disability under the Social Security Act, a claimant must establish she is unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity she is not disabled; (2) if the claimant does not have a severe impairment she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment she is disabled; (4) if the claimant is capable of returning to work she has done in the past she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy she is not disabled. *Id.* If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. §§ 404.1520; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that she cannot return to her former occupation, the burden shifts to the Commissioner to show that there is work in the national economy which she can perform considering her age, education and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review by this Court is whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner made any legal errors in the process of reaching the decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971)

(adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings they must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986).

The court may consider any evidence in the record, regardless of whether the ALJ cited it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). However, for purposes of substantial evidence review, the court may not consider any evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Furthermore, the court is not obligated to scour the record for errors not identified by the claimant, *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009) (stating that assignments of error not made by claimant were waived), and "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived,'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

    B.  Discussion

Plaintiff presents one issue for review: whether the ALJ properly evaluated the medical opinions and gave good reasons for the weight that he afforded to Plaintiff's treating physician [Doc. 17 at 4]. Specifically, Plaintiff argues that the ALJ erred by giving less weight to the opinions of her treating physician, Dr. John Carter, and consultative examiner, Dr. William Holland, while giving greater weight to the opinions of the nonexamining state agency physicians. [*Id.* at 5-11].

The Regulations require an ALJ to "evaluate every medical opinion" regardless of its source. 20 C.F.R. § 404.1527(c). However, every medical opinion is not treated equally, and the Regulations describe three classifications for acceptable medical opinions: (1) nonexamining sources; (2) nontreating sources; and (3) treating sources. A nonexamining source is "a physician, psychologist, or other acceptable medical source who has not examined [the claimant] but provides a medical or other opinion in [the claimant's] case." 20 C.F.R. § 404.1502.[3] A nontreating source is described as "a physician, psychologist, or other acceptable medical source who has examined [the claimant] but does not have, or did not have, an ongoing treatment relationship with [the claimant]." *Id.* Finally, the Regulations define a "treating source" as the claimant's "own physician, psychologist, or other acceptable medical source who provides [the claimant], or has provided [the claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 C.F.R. § 404.1502; *accord Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013).

---

[3] The Social Security Administration revised its rules regarding the evaluation of medical evidence. 82 Fed. Reg. 5844-01, 2017 WL 168819. The revised regulations went into effect on March 27, 2017, *id.*, and are not applicable to this case. *See Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("Retroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) ("The Act does not generally give the SSA the power to promulgate retroactive regulations.").

An ALJ is required to give a treating source's medical opinion "controlling weight" if: "(1) the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques'; and (2) the opinion 'is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart*, 710 F.3d at 376 (quoting 20 C.F.R. § 404.1527(c)(2)); *West v. Comm'r of Soc. Sec.*, 240 F. App'x 692, 696 (6th Cir. 2007). If the treating source's medical opinion is not entitled to controlling weight, the ALJ must determine the appropriate weight to give the opinion based upon consideration of the factors in 20 C.F.R. § 404.1527(c)(2)-(6) and must give "good reasons" that are supported by the evidence in the record and sufficiently specific to permit "meaningful review of the ALJ's application of the rule." *Gayheart*, 710 F.3d at 376 (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (internal citations omitted)).

An ALJ is not bound by the findings of state agency physicians, but is required to consider their opinions. 20 C.F.R. § 404.1527(e); Soc. Sec. Rul. 96-6p. The Regulations explain that "[s]tate agency medical and psychological consultants and other program physicians . . . are highly qualified . . . experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(e)(2)(i). However, opinions from nontreating sources and nonexamining sources are never assessed for controlling weight. *See Gayheart*, 710 F.3d at 376. An ALJ may afford weight to a nontreating or nonexamining source, "but only if a treating-source opinion is not deemed controlling." *Id.* The ALJ must evaluate a state agency physician's medical opinion in light of the factors provided in 20 C.F.R. § 404.1527(a)-(d) and explain the weight given to his or her opinion. 20 C.F.R. § 404.1527(e)(2)(ii).

7

In April 2013, Plaintiff's treating physician, Dr. Carter, completed a medical source statement in which he opined that, in an average eight-hour workday, Plaintiff could sit three hours total for ten minutes at a time; stand two hours total for five minutes at a time; and walk two hours total for ten minutes at a time [Tr. 454]. Dr. Carter further opined that Plaintiff could occasionally lift a maximum of ten pounds; occasionally use her hands for gross and fine manipulation; and never bend, push, or pull [*Id.*]. Dr. Carter described Plaintiff's pain level as "severe," and opined that she had a reasonable medical need to lie down during the workday due to her pain and fatigue [Tr. 455]. He also opined that Plaintiff would need to elevate her legs twenty-four times per day for thirty-five minutes at a time and would need to take unscheduled breaks of ten to twenty minutes between two and three times an hour [*Id.*].

After reviewing Plaintiff's treatment history with Dr. Carter and the findings in his medical source statement [Tr. 15-16], the ALJ explained the weight that he assigned Dr. Carter's opinion as follows:

> I have granted Dr. Carter's opinion little weight because his limitations are simply too extreme and are largely unsupported by the medical record. For example, the record does not show that the claimant has a severe hand impairment which would support only occasional use. In addition, the claimant has no medical need to lie down or elevate her legs and the record also does not support a limitation of no bending, pushing or pulling.

[Tr. 16-17].

After reviewing the ALJ's decision and the record as a whole, the Court concludes that the ALJ correctly assessed Dr. Carter's medical opinion and appropriately applied the treating source rule. The ALJ determined that Dr. Carter's opinion was unsupported by and inconsistent with the other evidence of record and, therefore, not entitled to controlling weight. The ALJ found that Dr. Carter's opinion was entitled to little weight because the limitations were too

extreme and largely unsupported by the record. This is an appropriate reason for the ALJ to give diminished weight to a treating physician's opinion. The ALJ cited specific examples of limitations that were not supported by Dr. Carter's treatment notes or by the record as a whole. For example, the ALJ cited Dr. Carter's opinion that Plaintiff was limited to occasional use of her hands for fine and gross manipulation, although there was no evidence of a hand impairment [Tr. 17]. An ALJ may consider the lack of supporting objective medical evidence when evaluating a medical opinion. *See* 20 C.F.R. § 404.1527(c)(3). The ALJ also noted that there was no evidence in the record to support Dr. Carter's opinion that Plaintiff would need to lie down or elevate her legs [Tr. 17]. Elsewhere in the decision, the ALJ observed that treatment records from Dr. Carter's office indicated that Plaintiff's pain was relieved with medications and rest [Tr. 16, 360, 371, 470]. The ALJ also noted that examinations with physicians in Dr. Carter's office showed that Plaintiff "ambulated normally" and had "normal muscle tone, normal gait and station, no weakness or numbness, normal reflexes, [and] normal movement in all extremities" [Tr. 16, 354-383, 467-505].

Plaintiff argues that there is "sufficient evidence" to support Dr. Carter's opinion [Doc. 17 at 7]. However, the issue before the Court is not whether there is sufficient evidence that could support Dr. Carter's opinion. Rather, the issue is whether substantial evidence supports the ALJ's decision. Plaintiff must do more than simply point to countervailing evidence in the record. *See Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 540 (6th Cir. 2014) ("Merely marshalling evidence to suggest that [the claimant] is disabled, however, is insufficient; to prevail on appeal, [the claimant] must demonstrate that the ALJ's determination that he was not disabled is not supported by substantial evidence.").

Plaintiff also contends that the ALJ "failed to address" certain evidence in the record [Doc. 17 at 8]. However, the ALJ is not required to discuss every piece of evidence in the record, "and an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) (citing *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)); *see also Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006). Similarly, Plaintiff argues that the ALJ failed to discuss all of the factors in 20 C.F.R. § 404.1527 when evaluating Dr. Carter's opinion. However, there is no requirement that the ALJ explicitly discuss every regulatory factor when evaluating a physician's opinion. *See Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011) ("Although the regulations instruct an ALJ to consider these factors, they expressly require only that the ALJ's decision include 'good reasons . . . for the weight . . . give[n] [to the] treating source's opinion' -- not an exhaustive factor-by-factor analysis.") (citation omitted). The Court concludes that the ALJ appropriately considered Dr. Carter's opinion and provided good reasons for assigning the opinion little weight.

Dr. William Holland also examined Plaintiff in March 2013. The ALJ summarized the results of this consultative examination and explained the weight that he gave Dr. Holland's opinion as follows:

> Dr. Holland found the claimant to have a normal range of motion in her hips, knees, ankles, shoulders, elbows, wrists and hands with 5/5 grip strength bilaterally. He also noted that straight leg raise was negative, normal reflexes, no edema in the lower legs or ankles, some limited range of motion in her lumbar spine, no scoliosis or spasm, adequate appearing two-foot and bilateral one-foot station, normal straight gait, and the claimant was able to perform several steps of tandem, toe, and heel walking without difficulty. . . .
>
> After his examination, Dr. Holland concluded that the claimant could work six to eight hours of an eight-hour day, doing equal portions of sitting, standing, and

>walking, lifting 5 to 10 lbs. frequently and up to 25 lbs. occasionally. . . . I have granted Dr. Holland's opinion little weight because his limitations are not supported by his own physical examination, which was overall normal, and because of the expert opinions of the DDS reviewers.

[Tr. 16].

On May 1, 2013, Dr. Michael Ryan, a nonexamining state agency physician, reviewed Plaintiff's medical record and opined that she could occasionally lift and/or carry twenty pounds; frequently lift and/or carry ten pounds; stand and/or walk about six hours in an eight-hour workday; sit about six hours in an eight-hour workday; and push and/or pull without limitations [Tr. 68]. Dr. Ryan opined that Plaintiff could occasionally climb ladders, ropes, and scaffolds, and could frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl [*Id.*]. He also opined that she had no manipulative, visual, communicative, or environmental limitations [Tr. 69]. On June 21, 2013, Dr. Susan Warner, a nonexamining state agency physician, opined that Plaintiff had identical limitations to those identified by Dr. Ryan [Tr. 81-84]. The ALJ considered these opinions and gave them "great weight" because he found them to be "consistent with the medical evidence of record" [Tr. 17].

Although not clearly stated in her brief, Plaintiff appears to argue that the ALJ erred by not affording more weight to Dr. Holland's consultative opinion [Doc. 17 at 7]. Plaintiff also argues that the ALJ erred in giving "controlling" weight to the opinions of the state agency physicians [*Id.* at 1, 4]. However, the ALJ did not afford "controlling" weight to these opinions, but rather afforded them "great" weight. After reviewing the record and the ALJ's decision, the Court concludes that the ALJ properly considered these medical opinions. An ALJ is permitted to consider and assign weight to the opinions of a consultative source such as Dr. Holland. *See Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 713 (6th Cir. 2013) (citing *Richardson v. Perales*,

402 U.S. 389, 402 (1971)). However, an ALJ is not required to explain the reasons for rejecting a consultative source's opinion in the same manner as when he or she is assessing a treating source's opinion. *See Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 439 (6th Cir. 2012) ("[A]n ALJ need only explain its reasons for rejecting a treating source because such an opinion carries 'controlling weight' under the SSA.") (citing *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007) ("[T]he SSA requires ALJs to give reasons for only *treating* sources." (emphasis in original))). Additionally, although the ALJ is not bound by the opinions of nonexamining sources such as Dr. Ryan and Dr. Warner, the ALJ may consider such opinions when making a disability determination where a treating source opinion is not controlling. *See Gayheart*, 710 F.3d at 376; *see also* 20 C.F.R. § 404.1527(c).

Plaintiff disagrees with the weight that the ALJ assigned to the medical opinion evidence, but that does not mean that the ALJ erred or that the ALJ's decision is not supported by substantial evidence. After reviewing the ALJ's assessment of the medical opinion evidence, the Court finds that the ALJ considered Dr. Holland's consultative opinion in detail and provided a sufficient explanation for the weight given. The ALJ also sufficiently considered and explained his reasons for the weight given to the nonexamining state agency consultants. Plaintiff has not identified an error in the ALJ's consideration of the medical opinion evidence that would entitle her to a remand. Upon review of this record, the Court concludes that substantial evidence supports the ALJ's assessment of the medical opinion evidence.

IV. <u>Conclusion</u>

Having carefully reviewed the entire administrative record and the parties' briefs filed in support of their respective motions, the Court concludes that there is substantial evidence in the

record to support the ALJ's findings and the Commissioner's decision, and that neither reversal nor remand is warranted on these facts. With such support, the ALJ's decision must stand, even if the record also contains substantial evidence that would support the opposite conclusion. *See, e.g.*, *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Judgment on the Pleadings [Doc. 16] is **DENIED,** the Commissioner's Motion for Summary Judgment [Doc. 20] is **GRANTED**, and the Commissioner's decision is **AFFIRMED**. This action is hereby **DISMISSED** and the Court directs the Clerk to **CLOSE** the case. A separate judgment will enter.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE